IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-733-FL

| | |
|---|---|
| CHASE CARMEN HUNTER, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>GERARD M. ROVENTINI, a/k/a JERRY M. )<br>ROVENTINI, RAYMOND O. ANDERSON, )<br>JOHN DOE, NATIONAL ASSOCIATION OF )<br>INSURANCE COMMISSIONERS, )<br>NATIONAL INSURANCE PRODUCER )<br>REGISTRY, ELEANOR KITZMAN, )<br>individually and in her official capacity as the )<br>commissioner of the Texas Department of )<br>Insurance, JULIA RATHGEBER, )<br>individually and in her official capacity as the )<br>commissioner of the Texas Department of )<br>Insurance, TEXAS DEPARTMENT OF )<br>INSURANCE, DAVE JONES, )<br>individually and in his official capacity as )<br>commissioner of insurance of the )<br>California Department of Insurance, and )<br>CALIFORNIA DEPARTMENT OF )<br>INSURANCE, )<br>)<br>Defendants. ) | **MEMORANDUM &<br>RECOMMENDATION** |

This matter is before the court for continued frivolity review following the court's entry of an order requiring Plaintiff to particularize her complaint. Plaintiff filed a particularized complaint on December 17, 2015. For the reasons set out below, the undersigned RECOMMENDS that Plaintiff's claims against Defendants be dismissed.

## DISCUSSION

Notwithstanding the court's determination that Plaintiff is entitled to in forma pauperis status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must

2

read the complaint carefully to determine if the plaintiff has alleged specific facts sufficient to support her claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

Plaintiff is a resident of Virginia and her claims appear to arise out of a dispute concerning her license to sell "animal liability insurance" in North Carolina, Virginia, Texas, Florida, and California. Plaintiff names ten different defendants in her complaint, and lists the following claims: (1) defamation; (2) libel; (3) false light; (4) "tortious interference"; (5) intentional infliction of emotional distress; (6) conspiracy; (7) consumer reporting violations under 15 U.S.C. §§ 1681-1681x; (8) racketeering in violation of 18 U.S.C. §§ 1951 and 1962; (9) "racketeer influenced and corrupt organizations" in violation of 18 U.S.C. § 1962; (10) fraud and wire fraud in violation of 18 U.S.C. § 1341 and 1343; (11) "crimes affecting persons engaged in business of insurance whose activities affect interstate commerce" in violation of 18 U.S.C. § 1033; (12) anti-trust and restraint of trade violations under 15 U.S.C. §§ 1-4; (13) willful refusal to comply with 28 U.S.C. § 1738; (14) willful violation of 18 U.S.C. §§ 241-42; and (15) civil rights claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff alleges that Defendants have knowingly propagated inaccurate information about Plaintiff and have refused to remove the inaccurate information upon her request. Plaintiff specifically reports that Defendants Roventini and Anderson had a conversation regarding Plaintiff misdirecting funds, Plaintiff's past

and current litigation, and the possible removal of Plaintiff's insurance license. Plaintiff alleges that Roventini and Anderson do not want the public to know of the availability of "animal liability policies" and that their statements concerning Plaintiff were false. Plaintiff additionally reports that the National Insurance Producer Registry's website falsely reported that Plaintiff's license to sell insurance had been revoked in Florida, California, and Texas. Plaintiff asserts that Defendants were aware that such reports were inaccurate and that Plaintiff had requested that the information be removed from the website.

By order filed August 27, 2015, the court informed Plaintiff that her complaint "fail[s] to provide Defendants with the notice to which they are entitled under Rule 8 and fail[s]l to adequately state a claim upon which relief may be granted" (Aug. 27, 2015, Order [DE #32] at 4-5.) In light of Plaintiff's pro se status, the undersigned allowed Plaintiff the opportunity to particularize her complaint by filing with the court "a new version of the complaint describing any injuries suffered as a result of the actions of each defendant, the alleged facts supporting each of her claims, the dates of relevant events, and the grounds for the court's jurisdiction." (*Id.* at 5.) Plaintiff was warned that failure to file a particularized complaint may result in dismissal of her claims. Plaintiff was granted continuances by the court and timely filed her particularized complaint on December 17, 2015.

While Plaintiff purported to file a more particularized complaint, it does not contain the information requested in the court's August 27, 2015, order. Plaintiff cites numerous claims against Defendants, but both her original complaint and

4

particularized complaint consist largely of vague, rambling statements. The allegations of violations of federal law are conclusory and merely list the federal statutes that Plaintiff purports Defendants have violated, including criminal statutes for which there is no civil cause of action. *See Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137-38 (4th Cir. 1987) (holding that there is no civil cause of action for an alleged violation of a federal criminal statute unless Congress intended to provide such a remedy). Plaintiff asserts jurisdiction "pursuant to, *inter alia*, § 1121(a) (trademark), 15 U.S.C. § 1681p (credit reporting), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity)[1], 28 U.S.C. § 1337 (anti-trust), 28 U.S.C. § 1343 (deprivation of rights, failure to prevent such deprivation, and failure to aid in preventing such deprivation), 28 U.S.C. § 1367 (supplemental), and any other relevant authority regarding the matters set forth herein." (Particularized Compl. [DE #44] at 2.)

Plaintiff's particularized complaint includes the same or substantially the same information contained in her original complaint. The only additional information provided is: (1) supposed testimony of a hearing of which the reasons and substance are unknown; (2) vague statements concerning the connection of the NAIC and NIPR to state insurance commissions, the insurance industry, and consumers; and (3) statements concerning a judgment against Plaintiff that does not appear to be relevant to Plaintiff's claims. (Particularized Compl. at 10-11, 18, 26-28.) Plaintiff

---

[1] Although diversity jurisdiction is stated as a jurisdictional basis, Plaintiff has not demonstrated the existence of diversity of citizenship between the parties.

5

has not included facts in support of her allegations nor has she specified the injuries sustained as a result of the alleged actions of each defendant or provided dates on which the relevant events occurred.

Plaintiff's filings in this case fail to meet the pleading standards set forth in *Twombly*. Her vague and conclusory allegations are insufficient to support any claim and fail to provide Defendants with the notice to which they are entitled under Rule 8. Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) as frivolous or for failure to state a claim.[2]

## CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Plaintiff's claims against Defendants be DISMISSED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

---

[2] A review of PACER indicates that Plaintiff has initiated forty civil actions in federal district courts throughout the country and is a party to approximately forty-five appeals to the various circuit courts. The undersigned has not conducted a review of all of these proceedings, but notes that a number of the federal civil actions instituted by Plaintiff involve similarly vague and conclusory allegations concerning various entities' and individuals' attempts to prevent her from selling "animal liability insurance." *See, e.g., Hunter v. Smith*, No. 3:12-CV-325-JAG (E.D. Va. June 19, 2012) (dismissing for failure to state claim), *aff'd*, No. 12-1971 (4th Cir. Sept. 27, 2012); *Hunter v. Kreidler*, No. 3:15-CV-5599-RJB (W.D. Wa. Filed Aug. 27, 2015) (asserting in her complaint that the action is "one of many ongoing lawsuits in state and in federal courts that establish that the various state insurance commissioners . . . are criminally and civilly conspiring against [Plaintiff] to knowingly and unlawfully impede interstate commerce and to knowingly support a criminal insurance fraud scheme of nearly $10,000,000 . . . .").

You shall have until April 15, 2016, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 29th day of March 2016.

_Kimberly A. Swank_
KIMBERLY A. SWANK
United States Magistrate Judge